UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **HELENI THAYRE,** *Plaintiff*,<br><br>v.<br><br>**TOWN OF BROOKLINE and JESSE GELLER, JOHANNA SCHNEIDER, MARK ZUROFF, KATE POVERMAN, LARK PALERMO, and RANDOLPH MEIKLEJOHN,** as they are members of the **BROOKLINE ZONING BOARD OF APPEALS, DANIEL BENNETT** as Building Commissioner for the **TOWN OF BROOKLINE, JOSEPH BRAGA** as Deputy Building Commissioner, and **ROBERT DOUGAN** as Building Inspector, *Defendants*. | Civil Action No. 1:20-cv-10510 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS

Defendants respectfully submit this Memorandum in support of the Town of Brookline's Motion to Dismiss and the Individual Defendants' *Limited Appearance* Motion to Dismiss (together, "Motions") brought pursuant to Fed. R. Civ. P. 12(b)(6).[1]

Plaintiff is a condominium owner who unsuccessfully sought redress from the Town's Zoning Board of Appeals ("Board") after the Building Department cited her for operating an AirBNB business out of her property. She brings this action against the Town of Brookline ("Town") and Zoning Board of Appeals ("Board") members Jesse Geller, Johanna Schneider, Mark Zuroff, Kate Poverman, Lark Palermo and Randolph Meiklejohn, Building Commissioner

---

[1] As of the date of the filing of this Memorandum, Plaintiff has made proper service on the Town only (but not on the Individual Defendants).

1

Daniel Bennett, Deputy Building Commissioner Joseph Braga, and Building Inspector Robert Dougan (together, the "Individual Defendants")[2].

Plaintiff's Complaint seeks to transform her zoning-related complaint into a case of federal and state constitutional dimensions, despite a long line of cases rejecting such efforts. *See, e.g., Mongeau v. City of Marlborough,* 492 F.3d 14, 17 (1st Cir. 2007); *Licari v. Ferruzzi,* 22 F.3d 344 (1st Cir. 1994); *Nestor Colon Medina & Sucesores, Inc.,* 964 F.2d 32 (1st Cir. 1992); *PFZ Prop., Inc. v. Rodriguez,* 928 F.2d 28 (1st Cir. 1991) (partially overruled on other grounds by *San Geronimo Caribe Project, Inc. v. Acevedo-Vila,* 687 F.3d 465 (1st Cir. 2012)); *Chongris v. Board of Appeals of the Town of Andover,* 811 F.2d 36 (1st Cir. 1987); *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524 (1st Cir. 1983); *Sucesion Suarez v. Gelabert,* 701 F.2d 231 (1st Cir. 1983); *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir. 1982); *Cappuccio v. Zoning Bd. Of Appeals of Spencer,* 398 Mass. 304, 312-13, 496 N.E.2d 646, 651 (1986). For the following reasons, the Town and the Individual Defendants move to dismiss all of Plaintiff's federal and state constitutional claims.

I. **FACTUAL BACKGROUND**

   A. **The Town's Zoning By-Law, the Unit, and Plaintiff's AirBNB Transactions Related to the Unit**

Plaintiff Heleni Thayre lives in a condominium she owns located at 12 Euston St., Unit # 3, Brookline, Massachusetts (the "Unit"). Complaint, ¶ 9. The Unit is a 1,996 square foot property consisting of 8 rooms, 3 of which are bedrooms. Ex. 1 hereto.[3] Plaintiff purchased the

---

[2] The Complaint names these individuals in their official capacities. Therefore, the Defendants do not address arguments that would pertain to individuals sued under Section 1983 in their individual capacities, such as the defense of qualified immunity.

[3] In connection with these motions to dismiss, the Court may consider documents outside of the four corners of the Complaint that are incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice. *Lydon v. Local 103, Int'l Brotherhood of Elec. Workers,* 770 F.3d 48, 53 (1st Cir. 2014) (quoting *Giragosian v. Ryan,* 547 F.3d 59, 65 (1st Cir. 2008), quoting, in turn, *In re Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 20 (1st Cir. 2003)).

property in 1981 for $65,000. *See id*. According to the Town Assessor's Property Database, the property was valued at $1.2 million as of FY 2019. *See* Ex. 2 hereto. The Unit is located in a "Residence District" (specifically, a district designated "M-2.0", referring to it being zoned to allow principally multifamily residences at a certain density). ZBL, § 3.01(1)(e); n.5 *infra*.

For virtually the entirety of Plaintiff's 40 or so years of ownership of the Unit, Plaintiff had long-term roommates. Complaint, ¶¶ 15-16; Ex. 4 at 5-8; n.7 *infra*. More recently, she offered the Unit to the public as a short-term rental for an average of 3 days through AirBNB, with a 2-day minimum and an 8-day maximum. *Id., Exhibit A* thereto at 1, 4, 6; Ex. 4 at 5-8; n. 7 *infra*.

At all times relevant to the Complaint, there has been in effect within the Town of Brookline a Zoning By-law ("ZBL"). Complaint, ¶¶ 2-4, 32-33, 35, 39, 46. The Zoning By-law has as its stated purpose "the promotion of the public health, safety, convenience and welfare" by, among other methods: "encouraging the most appropriate use of land', "conserving the value of land and buildings" and "reducing the hazards from fire and other danger". Ex. 3 hereto, ZBL, § 1.00(1). [4]

The Zoning By-law prohibits uses that it does not explicitly permit. It states: "Except as provided by law or in this By-law, in each district no building, structure, or land shall be used or occupied except for the purposes permitted in the district in the section of this Article applicable thereto." Ex. 3 hereto, ZBL, § 4.00. The Zoning By-law's Use Table specifies the principal and accessory uses permitted within each zoning district in town, stating that "a use listed in § 4.07 is permitted as of right in any district under which it is denoted by the word 'Yes', subject

---

[4] *See* https://www.brooklinema.gov/DocumentCenter/View/19843/ZoningBylaw_08052019 for the full Zoning By-Law. Section 3.01(1) incorporates by reference a zoning map filed with the Town Clerk. Defendants have filed with the Court Clerk's Office a hard certified copy of the zoning map (which cannot be effectively depicted in an electronic format) marked as Ex. 5 hereto.

to such requirements as may be specified in § 4.07." Ex. 3 hereto, ZBL, § 4.01(1). Within the "M-2.0" District, the "principal use" of buildings is as dwellings for single or multi-family occupancy. Ex. 3 hereto, ZBL, § 4.07, Use ##s 1, 2-4A, 6.

The Zoning By-law permits certain accessory uses as of right within the M-2.0 District, although in all cases these uses are limited to a portion of the property of no more than 25% of the floor area. Ex. 3 hereto, ZBL, §§ 4.04(1). It permits certain business-type uses such as an office, but if non-resident clients or employees will be on the premises, the Zoning By-law permits this by special permit only, and the use is subject to additional restrictions. Ex. 3 hereto, ZBL, §§ 4.05(2) and (3); 4.07, Use ##s 58 and 58A, and 59. The Zoning By-law permits certain limited-capacity home day cares in the M District, but with restrictions, and it states that the certificate of occupancy (and special permit, if required) can be revoked in the event the operation causes "a significant negative impact on the surrounding neighborhood in terms of traffic, parking, noise, or other factors relating to quality of life." Ex. 3 hereto, ZBL, § 4.05(2); *see also* Ex. 3 hereto, ZBL § 4.07, Use ##s 60A, 60B.

In Use # 51, the Zoning By-law permits the following as an accessory use in the M-2.0 District: "Within a dwelling unit, the renting of not more than two rooms as a lodging without separate cooking facilities and for not more than two lodgers[5]; in the case of a dwelling unit occupied by unrelated persons, the sum of lodgers and other unrelated persons shall not exceed the limits defined for a family." Ex. 3 hereto, ZBL, § 4.07[6].

---

[5] Section 2.12(3) of the ZBL defines "lodger" to mean: "A person who rents space for living or sleeping purposes and who is not within the second degree of kinship to the lessor." *See* Ex. 3 hereto.

[6] The ZBL defines "family" to mean: "One or more persons, including domestic employees, occupying a dwelling unit and living as a single, non-profit housekeeping unit; provided, that a group of five or more persons who are not within the second degree of kinship, as defined by civil law, shall not be deemed to constitute a family." ZBL, § 2.06(1). *See* Ex. 3 hereto.

### B. The Zoning By-Law Enforcement Proceeding

The Complaint alleges that on or about May 10, 2019, Town Building Inspector Defendant Robert Dougan cited Plaintiff for a violation of the Zoning By-law, stating: "A complaint was made in regard to the premises you own at 12 Euston St. It was brought to the Town's attention that you are renting your property as an Airbnb. This was verified by searching properties on Airbnb.com's website and finding your property listed for short-term rental. This is a violation of the Town of Brookline's Zoning By-Law and is not permitted. **Zoning ByLaw Ch 4:** Permitted Use # 7 Lodging House requiring Special Permit. **REMEDY:** Immediately remove your property in the listings of Airbnb.com". Complaint, ¶ 20 and *Exhibit C* thereto. On or about June 10, 2019, Plaintiff appealed the citation to the Town's Zoning Board of Appeals ("Board"). Plaintiff's appeal referenced Accessory Use # 51 and requested that she be allowed to re-list her property on AirBNB. Complaint, ¶ 30 and *Exhibit D* thereto.

The Board heard Plaintiff's appeal at a hearing held on December 19, 2019. Complaint, ¶ 39 and *Exhibit A* thereto at 2. According to an audio recording of the hearing and a transcript of the audio recording[7], Plaintiff testified that she had long-term roommates for most of her 37 years owning the Unit in order to produce income. Ex. 4 at 5-7. Sometime in or after 2017, she began listing the Unit on AirBNB. *Id.* Her practice is to offer a room for a maximum period of 8 days and a minimum period of 2 days, with the typical stay being 3 days. Complaint, *Exhibit A* at 6; Ex. 4 at 29-30. Plaintiff's immediate downstairs neighbor, Carol Clapper, testified that in her experience, the average stay at the Unit was 2 days, and that Plaintiff's operation of this type

---

[7] *See* Complaint, ¶ 50 & n.2 [at 12]. Because the Complaint references and relies upon the audio recording, the Court may consider the transcript of it in connection with these motions to dismiss. *See* n. 2 *supra.* For the Court's convenience, the Defendants attach a transcript of the audio recording as Ex. 4 hereto. The Defendants also file with the Court Clerk's Office a CD containing the audio recording (marked as Ex. 6). The audio recording is in two parts. With regard to Part 1, the Board's hearing on this matter begins at the 43-minute mark. Part 2 consists solely of the continuation and completion of this hearing.

5

of business out of the Unit, within a small 3-family condominium building, caused burdens and posed concerns related to security, noise, water, and wear and tear on the building. Complaint, *Exhibit A* at 7; Ex. 4 hereto at 35-39. Ms. Clapper testified further that these burdens were markedly greater than those posed by Plaintiff's long-term tenants, to whom she had no objection. She stated that Plaintiff was again renting to a long-term tenant as of the date of the hearing. Complaint, *Exhibit A* at 7; Ex. 4 hereto at 35-39.

At the hearing, Deputy Building Commissioner and Defendant Joseph Braga provided copies of Building Commissioner and Defendant Daniel Bennett's December 19, 2019 memorandum to Board members and to Plaintiff. Complaint, ¶ 107 and *Exhibit A* at 5 and *Exhibit E*. The Board took a recess to provide members and Plaintiff's counsel the opportunity to review it. Complaint, *Exhibit A* at 5; Ex. 4 at 23-24. In the memorandum, the Building Commissioner stated that it is his position and that of his two predecessors (dating to at least 1988) that Use # 51 permits non-transient rentals of more than 30 days. Complaint, *Exhibit E.* He wrote that the purpose of Use # 51 was to permit residents, in the capacity of landlord, to rent two rooms to two lodgers as a long-term use, most commonly in practice to college students and young professionals. He wrote that the more recent short-term rental use, such as AirBNB, was not anticipated when Use # 51 was adopted some time prior to 1969. He also wrote that the Zoning By-law is one of inclusion, and that if a use is not listed, it is not permitted. He wrote that a different interpretation would cause Use # 51 to conflict with other provisions of the by law regulating accessory uses, home occupations and offices within a residence. Complaint, *Exhibit E* thereto.[8] Following the recess, Deputy Building Commissioner Braga explained to the Board that the Building Commissioner's interpretation that Use # 51 covers stays of more than

---

[8] For example, Section 4.05 of the Town's Zoning By-Law restricts certain accessory uses from operating outside of normal business hours (Section 4.05.3.c) or excessively creating impacts of noise, traffic or parking (Section 4.05.3.d) – all concerns that exist with transient short-term rentals – but does not apply to Use #51

6

30 days is based in part on the State Building Code, which defines "transient" to cover stays of 30 days or less. Complaint, *Exhibit A* at 6.

In the deliberations following the conclusion of the testimony, the Board discussed Building Commissioner Bennett's view that short-term rentals did not fall within any of the permitted uses, including Use # 51. Complaint, *Exhibit A* at 7-8; Ex. 4 hereto at 49-60. In denying Plaintiff's appeal, Board Chair and Defendant Johanna Schneider concluded that the AirBNB use was not contemplated at the time of the enactment of Use # 51, that she did not believe that the term "rent" is applicable to what is a use and occupancy agreement at best, and that the Zoning By-law prohibits uses that are not explicitly permitted . Complaint, *Exhibit A* at 8, 9-10; Ex. 4 hereto at 49-60.  Board members and Defendants Kate Poverman and Randolph Meiklejohn reached similar conclusions. Complaint, *Exhibit A* at 8-9; Ex. 4 hereto at 49-60.  The Board unanimously voted to reject Plaintiff's appeal.  Complaint, *Exhibit A* at 9.  Pursuant to G.L. c. 40A, § 15, on February 5, 2020, the Board filed with the Town Clerk a written decision denying Plaintiff's appeal.  Complaint, *Exhibit A* at 1.

On February 25, 2020, Plaintiff, acting *pro se,* filed the instant Complaint with the Norfolk Superior Court Division of the Massachusetts Trial Court.  In addition to zoning-related Massachusetts law claims[9], the Complaint states:

- A) a federal constitutional claim under 42 U.S.C. § 1983 for a violation of procedural due process rights (**Count III**), and a corresponding Massachusetts constitutional procedural due process claim (under Art. 29 of the Massachusetts Declaration of Rights, in **Count IV**);

- B) a federal constitutional claim under 42 U.S.C. § 1983 for a violation of substantive due process rights (**Count V**), and a corresponding Massachusetts constitutional substantive due process claim (under Art. 12 of the Massachusetts Declaration of Rights, in **Count VI**); and

---

[9] *See* Count I (under G.L. 40A, § 17), Count II (under G.L. c. 240, § 14A) and Count IX (under G.L. c. 40A, § 5). The Town does not move for dismissal of these claims at this time.

7

C) a federal constitutional claim under 42 U.S.C. § 1983 for a violation of the "right to intimate association" (**Count VII**), and a corresponding Massachusetts constitutional right to association claim (under the Massachusetts Constitution, Pt. 1, Article 16, in **Count VIII**).

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Town removed the Complaint to the United States District Court of Massachusetts.

## II. ARGUMENT

### A. Standards of Review Under Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1983

In *Rodriguez-Ramos v. Hernandez-Gregorat,* 685 F.3d 34, 39-40 (2012), the First Circuit articulated the current legal standard applicable to motions to dismiss:

> "[W]e disregard statements in the complaint that merely offer "legal conclusion[s] couched as … fact[]" or "threadbare recitals of the elements of a cause of action." *Ocasio-Hernandez v. Fortuno-Burset,* 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 … (2009)). The remaining, non-conclusory allegations are entitled to a presumption of truth, and we draw all reasonable inferences therefrom in the pleader's favor. *See id.* "The make-or-break standard … is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepulvedo-Villarini v. Dep't of Educ. of P.R.,* 628 F.3d 25, 29 (1st Cir. 2010). To survive a motion to dismiss, a complaint must, in other words, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

42 U.S.C. § 1983 provides a mechanism for asserting a cause of action for "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983. A § 1983 claim has two "essential elements: the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the constitution or by federal law." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008); see *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). In addition, the Plaintiffs "must show that the defendants' conduct was the cause in fact of the alleged deprivation." Rodriguez-*Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997); see also *Maldonado Santiago v. Velazquez Garcia*, 821 F.2d 822, 831 (1st Cir. 1987) ("Section 1983

8

imposes a causation requirement similar to that of ordinary tort law.") see also *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 2008 U.S. Dist. LEXIS 85764, *42-43 (D. Mass. Sept. 30, 2008).

Because Counts III through VIII of the Complaint do not state claims for constitutional deprivations under the above-referenced standards, they should be dismissed.

B. **Plaintiff's Federal and State Procedural Due Process Claims Should Be Dismissed for Failure to State a Claim**

To implead a viable procedural due process claim, Plaintiff must show (1) that she had a property interest defined by state law; and (2) that Defendants, acting under color of state law, deprived it of that interest without adequate process. *Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir. 1994). To determine whether a procedural due process violation has occurred, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Licari,* 22 F.3d at 347. "This inquiry examines the procedural safeguards built into the statutory or administrative procedure . . . effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Zinermon v. Burch*, 494 U.S. 113, 126, 108 L. Ed. 2d 100, 110 S. Ct. 975 (1990).

In connection with her federal and state constitutional procedural due process claims (Counts III and IV, respectively), Plaintiff's first contention is that her procedural due process rights were violated because of "Chair Schneider's predisposition to rule against anyone who offers rentals in their home via Airbnb.com". Complaint, ¶ 125. Her second contention is that the "[Building] Commissioner's decision to enforce a ban against short-term rentals was made without public notice and appears to not have been published." Complaint, ¶ 128. The Town's prohibition of a short-term rental business use in the Unit (while still permitting long-term rentals) following her neighbor's nuisance complaint is hardly a constitutionally cognizable

9

infringement of property interests that suffices to state a claim.  *See* n.12 *infra*.  But even if it were, Counts III and IV do not state claims for the following reasons.

With regard to her first contention, Plaintiff's claim appears to be that she was not afforded an unbiased tribunal (referring to the Board).  Her contention appears to be based on a statement by Defendant Schneider during the hearing referring negatively to short-term rentals generally (and not to hers).  *See* Complaint, ¶¶ 50.  The Complaint took the statement out of its context; Defendant Schneider's comment immediately following it was to state that her personal views were irrelevant, and that the question at hand was one of interpretation of the ZBL.  Ex. 4 hereto at 49-50, 57.  Defendant Poverman ended the hearing by specifically telling Plaintiff that "we are sympathetic to everyone's arguments and everyone's personal situation here but unfortunately that could not be a factor."  Ex. 4 hereto at 60.  In terms of the actual conduct of the hearing, Plaintiff and her counsel were afforded ample opportunity to be heard.  The Complaint is silent regarding financial or personal interests in the matter by members of the Board that could support Plaintiff's due process claim based on a biased (or likely to be biased) tribunal.  *See Rippo v. Baker*, --- U.S. ---, 137 S. Ct. 905 (2017); *Caperton v. A.T. Massey Coal, Inc.,* 556 U.S. 868 (2009). State court cases are in accord with regard to due process claims based on bias arising under the federal and state constitutions.  *See Varga v. Board of Registration of Chiropractors,* 411 Mass. 302, 307, 582 N.E.2d 492, 595 (1991); *Commonwealth v. Eddington,* 71 Mass. App. Ct. 138, 879 N.E. 2d 1261 (2008); *Alibali v. Office of Parking Clerk for the City of Boston,* 70 Mass. App. Ct. 1105, 874 N.E. 2d 1143 (2007) [Rule 1:28 disposition].  Under these circumstances, Plaintiff's speculative claim of bias is without merit.

Plaintiff's suggestion that she received insufficient notice is likewise without merit.  Plaintiff was cited with a Notice of Violation that informed her that her AirBNB operation

violated the Town's Zoning By-Law. Complaint, *Exhibit C*. She appealed the decision, *Id., Exhibit D,* and was notified of a hearing on it that referenced a "violation against AirBnB unit". The hearing was postponed at her request and finally held on December 19, 2019. Complaint, *Exhibit A* at 1-3. At the December 19 hearing, she was represented by counsel. She and her attorney received the Building Commissioner's memorandum of that date stating his position and interpretation of the Zoning By-law, they were afforded time to review it when the Board recessed for that purpose, and she and her attorney were afforded the opportunity to respond to it before the Board. *See* Complaint, *Exhibit A*; Ex. 4 hereto at 23-24. The Board explained its reasons for upholding the citation, based on members' understanding of the word "rent" as used in Use # 51. Such procedures more than satisfied the due process right to be given "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Paquette v. Commonwealth,* 440 Mass. 121, 131, 795 N.E. 2d 521, 531 (2003) (citing *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187 (1965)); *see also Licari,* 22 F.3d at 347-48; *Amsden v. Moran,* 904 F.2d 748, 754-57 (1st Cir. 1990); *Cappuccio,* 496 N.E.2d at 651; *LaPointe v. License Bd. Of Worcester,* 389 Mass. 454, 458-59, 451 N.E.2d 112, 116 (1983).[10]

      Plaintiff seems to suggest that the Zoning By-law was vague with regard to a prohibition against her operation of an AirBNB business within the Unit. But taken as a whole, the ZBL placed Plaintiff on notice that an accessory use consisting of a short-term rental business was not contemplated by Use # 51. This is apparent from the Unit's location in a "Residence District" with a principal use as a dwelling, the strict controls placed on other accessory uses included in the Use Tables that are in the nature of a business use, and the inconsistency with those controls

---

[10] In addition, Plaintiff includes in her Complaint a claim under the State's zoning law, G.L. c. 40A, § 17 (Count I). The First Circuit has held that the Chapter 40As statutory appeal process contributes to a state zoning regulatory scheme that more than satisfies constitutional due process requirements. *Chongris,* 811 F.2d at 40-41. *See also Licari,* 22 F.3d at 347-48; *Nestor Colon Medina & Sucesores, Inc.,* 964 F.2d at 40.

that Plaintiff's proposed liberal interpretation would create, as Commissioner Bennett stated in his memorandum.  *See supra* at 4 (re: ZBL-permitted accessory uses); Complaint, *Exhibit E* at 2.  Under these circumstances, Plaintiff was on fair notice that her AirBNB business was not a permitted use in the Unit, and the Board's affirmance of a violation did not violate her due process rights.  *See Draper v. Healey,* 857 F.3d 1, 3 (1st Cir. 2016) (claims for due process violations based on "vagueness" contentions may be maintained in "as applied" claims only; question is whether "**in the circumstances** it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited'") (emphasis added); *URI Student Senate v. Town of Narragansett,* 631 F.3d 1, 14 (1st Cir. 2011) ("'[T]he fact that a statute requires some interpretation does not perforce render it unconstitutionally vague'") (citation omitted); *Gonzalez-Droz v. Gonzalez-Colon,* 660 F.3d 1, 12 (1st Cir. 2011) (due process only requires that a regulation affords "sufficient indicia of its meaning and application"); *LaPointe,* 451 N.E.2d at 117-18.

The First Circuit's decision in the case of *Creative Environments, Inc.,* 680 F.2d at 822, is instructive.  There, the Court dismissed plaintiff's claim that local land use officials' interpretation of a local land use scheme was "distorted", "arbitrary" and wrong, explaining:

> [W]ere such a theory to be accepted, any hope of maintaining a meaningful separation between federal and state jurisdiction in this and many other areas of law would be jettisoned.  Virtually every alleged legal or procedural error of a local planning authority or zoning board of appeal could be brought to federal court on the theory that the erroneous application of state law amounted to a taking of property without due process.  Neither Congress nor the courts have, to date, indicated that section 1983 should have such a reach.
>
> …
>
> A federal court, after all, should not "'should not … sit as a zoning board of appeals'".

680 F.2d at 831, 833 (citations omitted).

For the foregoing reasons, Counts III and IV should be dismissed.

### C. **Plaintiff's Federal and State Substantive Due Process Claims Should Be Dismissed for Failure to State a Claim**

In Counts V and VI, Plaintiff claims that she suffered an "unconstitutional invasion of property rights" in violation of her substantive due process rights under the federal and state constitutions, by virtue of the Building Commissioner's and Board members' adoption of an interpretation of the Zoning By-law that was "arbitrary" and "*ultra vires*". Complaint, ¶¶ 135-40. As stated *supra,* the Town's restriction of Plaintiff's short-term rental business (without restricting long-term rentals) following her neighbor's nuisance complaint is hardly a constitutionally cognizable infringement or property interests that suffices to state a claim. *See* n.12 *infra*. Even if it were, Counts V and VI do not state claims for the following reasons.

The First Circuit has "stated with 'a regularity bordering on the monotonous' that to be liable for a violation of substantive due process rights, a defendant must have engaged in behavior that is 'conscience-shocking'". *Mongeau,* 492 F.3d at 17 (quoting *Pagan v. Calderon,* 448 F.3d 16, 33 (1st Cir. 2006)). "'[A]lthough the yardstick against which substantive due process violations are measured has been characterized in various ways, we are satisfied that, before a constitutional infringement occurs, state action must in and of itself be egregiously unacceptable, outrageous, or conscience-shocking." *Id.* (quoting *Amsden v. Moran,* 904 F.2d 748, 754 (1st Cir. 1990) (conduct must be "'shocking or violative of universal standards of decency'") (further citation omitted)). State court decisions are in accord with this standard in their interpretations of both federal and state substantive due process rights. *See Commonwealth v. Knapp,* 441 Mass. 157, 164, 804 N.E. 2d 885, 891 (2004); *Paquette v. Commonwealth,* 440 Mass. 121, 124-25, 795 N.E. 2d 521, 527 (2003); *Freeman v. Planning Bd. of West Roxbury,* 419

Mass. 548, 560-61, 563, 646 N.E.2d 139, 146-47, 148-49 (1995); *Rosenfeld v. Board of Health of Chilmark*, 27 Mass. App. Ct. 621, 541 N.E.2d 375 (1989).

In the ordinary course, a party does not state a claim for a substantive due process violation based on local land use decisions, "'whether those decisions are right or wrong'", violated state law, or were made in "bad faith". *Id.* (quoting *Pagan,* 448 F.3d at 33); *Licari,* 22 F.3d at 349-50; *Nestor Colon Medina,* 964 F.2d at 45; *PFZ Properties, Inc.,* 928 F.2d at 31-32; *Chiplin,* 712 F.2d at 1527-28; *Creative Environments, Inc.,* 680 F.2d at 831-32.  Here, a decision by Town officials' restricting a business use that was not specifically allowed in the Unit's Residence District, and that was creating a nuisance to Plaintiff's immediate neighbor[11], is hardly of constitutional consequence.[12]  Counts V and VI should be dismissed.

### D. **Plaintiff's Federal and State Freedom of Association Claims Should Be Dismissed for Failure to State a Claim**

In Counts VII and VIII, respectively, Plaintiff claims that her federal and state constitutional associational rights were violated because the Town's enforcement of the Zoning

---

[11] *See* Complaint, *Exhibit C* thereto (referencing complaint); Ex. 4 hereto at 35-39.

[12] To the extent Plaintiff intends Counts V and VI to state "takings" claims under the federal and State constitutions, respectively, the allegations do not suffice to state a claim.  Such claims are countenanced where, absent an actual physical invasion of a property (not present here), a regulation "'denies all economically beneficial or productive use of land'".  *Murr v. Wisconsin,* --- U.S. ---, 137 S. Ct. 1933, 1942 (2017) (quoting *Palazzolo v. Rhode Island,* 433 U.S. 606, 617, 121 S. Ct. 2448 (2001), quoting, in turn, *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1014, 112 S. Ct. 2886 (1992)); *Smith v. Conservation Comm'n of Falmouth,* 94 Mass. App. Ct. 790, 795, 119 N.E.3d 1188, 1193 (2019).  That is not the case here, as Plaintiff has rented, and can continue to rent, extra bedrooms in the Unit as long-term rentals, can operate any other business use out of the Unit that is consistent with the business activities specifically permitted as accessory uses if she does so in conformity with the applicable restrictions, and in any event, retains the investment benefits arising from ownership of the property, which has increased in value 18-fold since her purchase of it.

"Takings" claims may also be countenanced when a "complex of factors" weigh in favor of doing so, specifically, (1) the economic impact of the regulation on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, and (3) the character of the governmental action."  *Id.; Smyth,* 119 N.E.3d at 1195-96.  For the same reasons, these factors weigh against Plaintiff here.

State court "takings" decisions under the federal and state constitutions are in accord.  *See Grenier v. Zoning Board of Appeals of Chatham,* 62 Mass. App. Ct. 62, 814 N.E.2d 1153 (2004); *Fitchburg Gas and Elec. Light Co. v. Department of Pub. Utilities,* 467 Mass. 768, 7 N.E.3d 1045 (2014).

By-law against her short-term rental business infringed on the "bonds of personal friendship that naturally arise between an AirBNB host and guest". Complaint, ¶ 149.

As the First Circuit has explained:

> The constitutionally protected right of association cannot be reinvented to suit a plaintiff's fancy. It has never been expanded to include purely social gatherings. Rather, it is contingent on the presence of underlying individual rights of expression protected by the First Amendment …
>
> The [Supreme] Court has identified two types of "freedom of association" that merit constitutional protection: (i) "choices to enter into and maintain certain intimate human relationships' and (ii) association 'for the purpose of engaging in those activities protected by the First Amendment.'" *Roberts v. U.S. Jaycees,* 468 U.S. 609, 617-18, 104 S. Ct. 3244, 82 L. Ed.2d 462 (1984). These categories cannot be stretched to form a generic right to mix and mingle. *City of Dallas v. Stanglin,* 490 U.S. 19, 24, 109 S. Ct. 1591, 104 L.Ed.2d 18 (1989) (concluding that ordinance restricting attendance at dance halls did not reach the kind of "expressive association that the First Amendment has been held to protect").

State court cases analyzing the scope of the right to association under the federal and state constitutions are in accord. *See, e.g., Commonwealth v. McGhee*, 472 Mass. 405, 417-18, 35 N.E.3d 329, 341 (2015); *American Lithuanian Naturalization Club, Athol, Mass., Inc. v. Board of Health of Athol,* 446 Mass. 310, 324, 844 N.E.2d 231, 242-43 (2006); *Caswell v. Licensing Comm'n for Brockton,* 387 Mass. 864, 871-72, 444 N.E.2d 922, 927 (1983).

On its face, Plaintiff's AirBNB business hosting short-term stays by strangers every 3 or so days is not the type of "intimate" personal relationship or "expressive" First Amendment-protected activity encompassed by the state or federal constitutional right to association. Counts VII and VIII should be dismissed.

## Conclusion

For the foregoing reasons, the Defendants respectfully request the Court to dismiss Counts III through VIII of the Complaint.

Respectfully submitted,

Defendant,
TOWN OF BROOKLINE, MASSACHUSETTS,

By its attorneys:

      */s/ Patricia Correa*
Patricia Correa (BBO # 560437)
Email: pcorrea@brooklinema.gov
Jonathan Simpson (BBO # 660841)
Email: jsimpson@brooklinema.gov
Office of Town Counsel
Town of Brookline
333 Washington St., 6th Floor
Brookline, MA  02445
Tel:  (617) 730-2190
Fax:  (617) 264-6463

Date:  March 12, 2020

### CERTIFICATE OF SERVICE

    I, Patricia Correa, hereby certify that on the above-referenced date, this document, filed through the ECF system, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and was sent by U.S. Mail, postage prepaid, to all non-registered participants who have appeared in this case, to wit:  Heleni Thayre, 12 Euston St., Unit # 3, Brookline, MA  02446-4101.

        */s/ Patricia Correa*
        Patricia Correa