UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELENI THAYRE, *Plaintiff*,<br><br>v.<br><br>TOWN OF BROOKLINE and JESSE GELLER, JOHANNA SCHNEIDER, MARK ZUROFF, KATE POVERMAN, LARK PALERMO, and RANDOLPH MEIKLEJOHN, as they are members of the BROOKLINE ZONING BOARD OF APPEALS, DANIEL BENNETT as Building Commissioner for the TOWN OF BROOKLINE, JOSEPH BRAGA as Deputy Building Commissioner, and ROBERT DOUGAN as Building Inspector, *Defendants*. | Civil Action No. 1:20-cv-10510 |

**TOWN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND BASED ON THE *PULLMAN* ABSTENTION DOCTRINE**

## I.   INTRODUCTION

Defendants in the above-captioned case respectfully submit this Opposition to Plaintiff's Motion to Remand and for Abstention and for Stay of Proceedings (Dkt # 17, the "Motion").

On March 12, 2020, Defendants removed Plaintiff's State court *pro se* complaint to this Court (Dkt # 1), and at that time filed motions to dismiss (Dkt ##s 4 and 5).  That day, Defendants also filed a Memorandum in Support of Defendants' Motions to Dismiss that explained why Plaintiff's complaint did not state federal constitutional claims (or State constitutional claims, either).  *See* Dkt # 6 ("Memorandum in Support of Dismissal", or "Memorandum")).  Plaintiff has sought repeated extensions of time to file any opposition to Defendants' motions to dismiss, with her opposition currently being due on May 9, 2020.  *See* Dkt # 16.  She now seeks to delay this Court's determination of the sufficiency of her federal constitutional claims by seeking a temporary remand of the case for resolution of her State court

1

claims first, citing the *Pullman* abstention doctrine. *See Railroad Commission v. Pullman Co.,* 312 U.S. 496, 43 L.Ed.2d 32 (1974). The effort is unavailing under the applicable case law of this Circuit.

In the interest of brevity, Defendants rely on the summary of the allegations of Plaintiff's complaint and the accompanying public record that the Court may rely on in deciding their motions to dismiss detailed in their Memorandum in Support of Dismissal.

For the reasons detailed below, remand of this case for prior resolution of Plaintiff's State law claims will only cause needless delay and will deprive Defendants of their right to timely adjudication of the federal claims in a federal forum. Defendants respectfully ask the Court to deny Plaintiff's Motion and to rule on their motions to dismiss at its earliest opportunity.

## II.   ARGUMENT

"It is well-established that '[a]bstention from the exercise of federal jurisdiction is the exception, not the rule.'" *Ford Motor Co. v. Meredith Motor Co.,* 257 F.3d 67, 71 (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976)). "'Abdication of the obligation to decide cases can be justified under the doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.'" *Colorado River Water Conservation Dist.,* 424 U.S. at 800 (quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-89, 79 S. Ct. 1060, 1062-63, 3 L.Ed.2d 1163 (1959)).

Abstention under the *Pullman* doctrine is discretionary. *Fideicomiso de la Tierra del Cano Martin Pena,* 604 F.3d 7, 16 (1st Cir. 2010).[1] In the First Circuit, the appropriateness of

---

[1] At the same time, an erroneous exercise of discretion in favor of abstention creates a basis for an immediate appeal to the First Circuit. *Batterman v. Leahy,* 544 F.3d 370, 373 (1st Cir. 2008) (citing *Quackenbush v. Allstate Ins. Co.,* 517 U,S. 706, 712-15, 116 S. Ct. 1712, 135 L.Ed.2d 1 (1996)).

2

*Pullman* abstention depends on whether: (1) there is substantial uncertainty over the meaning of the state law at issue; and (2) a state court's clarification of the state law at issue would **obviate** the need for a federal constitutional ruling. *Ford Motor Co.*, 257 F.3d at 71 (citing *Rivera Puig v. Garcia-Rosario,* 983 F.2d 311, 322 (1st Cir. 1992)).

As stated in Defendants' Memorandum in Support of Dismissal, Plaintiff's complaint attempts to frame a garden-variety local zoning dispute into the stuff of federal constitutional magnitude, despite ample case law cited in the Memorandum foreclosing her from doing so. Plaintiff's complaint claims that the Town's enforcement of its zoning by-law against an AirBNB business she maintained in her condominium caused her constitutional injury. Plaintiff's own complaint contains extensive legal citation and discussion of federal constitutional standards that the Complaint maintains warrant judgment in her favor. *See, e.g.*, Dkt # 1-1, ¶¶ 109, 111, 114 & n.30, 123, 127, 135, 143, 145, 148. Defendants' Memorandum in Support of Dismissal cited cases from this jurisdiction compelling dismissal of Plaintiff's federal constitutional claims. This case necessitates simple application of the applicable federal constitutional standards to the three counts of Plaintiff's complaint stating federal constitutional claims.[2] The meaning of Use 51 is tangential to whether the Town's zoning enforcement action -- stopping a commercial AirBNB business operated in a shared residential building -- failed to afford her the procedural protections required by federal procedural due process case law, was "conscience-shocking" within the meaning of federal substantive due process case law, or interfered with "intimate associations" within the meaning of federal associational rights case law. *See Batterman,* 544 F.3d at 375 (declining *Pullman* abstention where only some, but not all, of the plaintiff's claims depended on an interpretation of a State rule, and where federal claim

---

[2] *See* Count III (procedural due process), Count V (substantive due process), and Count VII (right to intimate association).

was without merit and abstention would therefore result in needless delay in "paring down" the case).  As is clear from Defendants' Memorandum in Support of Dismissal, courts make such determinations routinely, and in this case, dismissal is compelled as a matter of law.  None of the cases the Defendants cited in the Memorandum involved a Court's *Pullman* abstention due to a local law's complexity and resulting federal constitutional quagmire.  Given the above, the Motion should be denied.  *See Fideicomiso,* 604 F.3d at 17 (denying *Pullman* extension where "takings" claim involved question of satisfaction of the federal case law "public purpose" standard).

     Furthermore, "[a]bstention is not required for interpretation of *parallel* state constitutional provisions."  *Hawaii Housing Auth'y v. Midkiff,* 467 U.S. 229, 237 N.4, 104 S. Ct. 2321, 2327 n.4, 81 L.Ed.2d 186 (1984) (citing cases).  The First Circuit has applied this principle even where the Massachusetts Supreme Judicial Court has interpreted a Massachusetts constitutional provision more protectively than the parallel federal constitutional provision.  *Guiney v. Roache,* 833 F.2d 1079, 1083-84 (1st Cir. 1987).  Plaintiff's Complaint framed the federal and State constitutional claims in analogous pairs:  Counts III and IV raise a federal procedural due process claim and an analogous State procedural due process claim; Counts V and VI raise a federal substantive due process claim and an analogous State substantive due process claim; and Counts VII and VIII raise a federal "right to association" claim and an analogous State "right to association" claim.  As stated above, the Complaint cites variously to federal and State constitutional cases allegedly outlining the same or similar legal principles.  The Defendants' Memorandum in Support of Dismissal does likewise.  Therefore, abstention is unwarranted.

**Conclusion**

For the foregoing reasons, Defendants request that Plaintiff's Motion to Remand and for Abstention and for Stay of Proceedings be denied.

>DEFENDANTS THE TOWN OF BROOKLINE and JESSE GELLER, JOHANNA SCHNEIDER, MARK ZUROFF, KATE POVERMAN, LARK PALERMO, and RANDOLPH MEIKLEJOHN, as they are members of the BROOKLINE ZONING BOARD OF APPEALS, DANIEL BENNETT as Building Commissioner for the TOWN OF BROOKLINE, JOSEPH BRAGA as Deputy Building Commissioner and ROBERT DOUGAN as Building Inspector,
>
>By their attorney,
>
>   /s/ Patricia Correa
>Patricia Correa (BBO # 560347)
>pcorrea@brooklinema.gov
>333 Washington St., 6th floor
>Brookline, MA 02246
>Tel:  (617) 730-2190

**CERTIFICATE OF SERVICE**

I, Patricia Correa, hereby certify that on the above-referenced date, I served this document electronically through the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF), and on Plaintiff by email attachment at ht76@gmavt.net.

>   /s/ Patricia Correa
>Patricia Correa